UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICARDO FONVILLE, :<br>:<br>: Petitioner, :<br>:<br>v. :<br>:<br>UNITED STATES OF AMERICA :<br>:<br>: Respondent. :<br>: | Civil Action No.<br>**09-4043 (NLH)**<br><br>Related Crim. No.<br>08-853 (NLH)<br><br>**OPINION** |

**Appearances:**

RICARDO FONVILLE
#41578-050
McKean Federal Prison Camp
P.O. Box 8000
Bradford, PA  16701

Jason Richardson
Assistant U.S. Attorney
401 Market Street, 4th Floor
P.O. Box 2098
Camden, NJ  08101

**HILLMAN, District Judge**

Petitioner Ricardo Fonville files this motion under 28 U.S.C. § 2255 challenging his conviction and sentence on various grounds.  However, the threshold issue is whether Petitioner may file this motion at all.  This Court concludes that Petitioner knowingly, intelligently, and voluntarily waived his right to seek collateral review of his conviction and sentence under the circumstances presented here.  Therefore, for the reasons set forth below, the petition will be dismissed.

On November 20, 2008, Petitioner entered a plea of guilty to a single-count information charging him with conspiring and agreeing with Rory Henderson to possess with intent to distribute five (5) kilograms or more of cocaine. Fonville pled guilty pursuant to a written plea agreement which stipulated to the amount of drugs involved in the offense and contained a comprehensive waiver of appeal and collateral attack. Based upon a stipulated quantity of 5 kilograms, the parties agreed - if the so-called safety valve provision applied to Petitioner - to an advisory guidelines offense level of 27 and further agreed that if the defendant were sentenced to a term of incarceration within that range he would not seek appellate or collateral review.

This Court held a sentencing hearing on March 17, 2009. At the hearing, the Court first calculated the advisory sentencing range and after consideration of the Pre-Sentence Report adopted the Report's conclusion, and the parties' eventual stipulation,[1] that a Level 27 was the appropriate final Total Offense Level. March 17, 2009 Sentencing Hearing, p. 9 (Transcript). Coupled with a Criminal History Category of I, the Court found, at Step I

---

[1] U.S.S.G. §§ 5C1.2 and 2D1.1(b)(11). Appropriately so, the written plea agreement left the applicability of the Safety Valve unresolved pending the completion of the pre-sentence investigation. October 2, 2008 Plea Agreement, Schedule A, para. 4. The PSR found the provision applied, the government agreed, and the Court applied the two-point reduction to the benefit of the Petitioner. PSR, para. 37.

of the three-step sentencing process, an advisory sentencing range of 70 to 87 months.  Id. at 10.  After considering the factors set forth in 18 U.S.C. § 3553 at Step III of the sentencing process,[2] Fonville was sentenced by this Court to a term of incarceration of seventy-two (72) months.  The Court determined that such a sentence, which fell at the low end of the advisory guideline range, furthered the statutory sentencing goals.[3]

Despite the waiver of collateral review found in the plea agreement, Fonville filed a 28 U.S.C. § 2255 petition before this court on August 11, 2009.  The government filed a motion to dismiss the petition on November 12, 2009.

As noted above, the written plea agreement in this matter contained a comprehensive waiver of appeal and collateral attack.  More specifically, the agreement provided:

> Ricardo Fonville knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, **any collateral**

---

[2] No departure motions were made by the parties and the court found no independent reason to depart at Step II of the sentencing process.  March 17, 2009 Sentencing Hearing, p. 10 (Transcript).

[3] The Court found that a sentence at the bottom of the advisory range properly balanced the seriousness of the offense and the need for deterrence against Petitioner's positive attributes of standing and support in the community, work history and education, among other things.  March 17, 2009 Sentencing Hearing, pp. 23-24 (Transcript).

>  **attack**, or any other written or motion, including but not limited to an appeal under 18 U.S.C. § 3742 **or a motion under 28 U.S.C. § 2255**, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 27.  This office [The United States Atty.'s Office] will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 29.  The parties reserve any right that they may have under 18 U.S.C. § 3742 to appeal to sentencing court's determination of a criminal history category.  The provisions of this paragraph are binding on the parties even if the court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court here in doing so.

October 2, 2008 Plea Agreement, Schedule A, para. 9 (emphasis added).[4]

As set forth above, the Petitioner and, for that matter, the government, agreed that so long as the Court sentenced defendant to a term of incarceration anywhere within or below the sentencing range of 70 to 87 months he would not file any appeal

---

[4] The agreement reserved to the United States the right to argue that the so-called "safety valve" provision did not apply to petitioner and reserved to the Petitioner the right to argue it did.  Accordingly, the appellate waiver was drafted in such a way as to bar an appeal or collateral attack if the respective party prevailed on that issue, and conversely, preserved a right of review if they did not.  Here, the Court applied the safety value to the benefit of the Petitioner, without objection from the government, and sentenced him within the range favored by the Petitioner, triggering his appellate waiver.

of collateral attack of his sentence.  That is precisely what occurred here.  At the Rule 11 hearing, the court engaged in a detailed colloquy with the defendant to ensure the defendant understood the waiver provisions in the plea agreement.  First, the government recited the terms of the written agreement and highlighted the waiver provision.  November 20, 2008 Rule 11 Hearing, p. 11 (Transcript).  He was asked under oath if he had read the plea agreement before signing it, had discussed it with counsel, and whether he understood it.  Id. at p. 12.  He answered all of those questions in the affirmative.  He was asked if he had any questions about the plea agreement.  He answered "No."  Id. at p. 12-13.  In addition, the Court recited the terms of the waiver and specifically and directly asked the Petitioner whether he understood it.  Id. at p. 20-22.  He stated that he did.  Id.  He repeated those assertions under additional questioning by the prosecutor in open court.  Id. at p. 29.

In sum, the Petitioner acknowledged and affirmed at least three separate times - by signing the plea agreement, after questioning by the Court, and after questioning by the government - that he waived certain appellate and collateral review rights as part of his plea agreement.  There can be no question that this waiver was entered into knowingly, intelligently, and voluntarily.  There is also no question that the waiver applied to the sentence Petitioner received since the defendant was sentenced to a term of incarceration within the stipulated range.

Under such circumstances, absent a miscarriage of justice,[5] such waivers are enforceable.  United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001).

For the reasons set forth above, the Court concludes that Petitioner knowingly, intelligently, and voluntarily waived his right to seek collateral review of his conviction and sentence under the terms and conditions of his plea agreement and no circumstances present here absolve him of his obligation to abide by its terms.  Therefore, the petition will be dismissed and an

---

[5] Even if there were no appellate waiver in this matter, the Court would still deny the requested relief.  The Court has examined the record and considered all of Petitioner's contentions and would find them without merit.  Petitioner's claim that the government manipulated the amount of drugs discussed in order to entrap him or increase his sentence is belied by his own unsolicited offer to purchase 50 to 100 kilograms of cocaine, far above the amount he stipulated to. See United States v. Jones, 18 F.3d 1145, 1153 (4th Cir. 1994)(discussing pre-disposition to negate a claim of sentencing entrapment).  Petitioner acknowledged under oath that he offered to purchase such amounts. November 20, 2008 Rule 11 Hearing, pp. 25-26 (Transcript).  Petitioner's claim of ineffective counsel is similarly without merit.  First, Petitioner acknowledged under oath that he was satisfied with his counsel's representation and he offers now only vague and conclusory claims of ineffectiveness. Id. at 4.  Objectively, his counsel negotiated a drug amount limited to the amount of money Petitioner brought to the table rather than the larger amounts discussed, preserved the safety value argument for appeal if it became necessary, and successfully argued for a sentence at the low end of the advisory range through a comprehensive and ultimately effective presentation on sentencing mitigation.  In light of the overwhelming evidence of Petitioner's guilt, the representation was far from ineffective.  Petitioner's claim is frivolous and may be dismissed without further inquiry. See United States v. Dawson, 857 F.2d 923 (3rd Cir. 1988).

appropriate order entered.


Dated: August 24, 2011          /s/ Noel L. Hillman
Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.